[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12095

Non-Argument Calendar

_____

STEPHANIE NORMAN,

Plaintiff-Appellant,

versus

H. LEE MOFFITT CANCER CENTER AND
RESEARCH INSTITUTE, INC.,
d.b.a. Moffitt Cancer Center,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02430-WFJ-CPT

———————————

Before NEWSOM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Stephanie Norman, proceeding *pro se*, appeals the grant of summary judgment to the Moffitt Cancer Center, her former employer, on her claims of interference, disability discrimination, and retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615(a)(1), 2617(a); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), 12203(a); and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.10(1), (7). Norman argues that the district court erred in dismissing her suit without considering her evidence on the matter. After reviewing the record and reading the parties' briefs, we affirm the district court's order granting summary judgment to the Moffitt Cancer Center.

I.

When appropriate, we review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th

Cir. 2005). We can affirm the district court's judgment on any basis supported by the record, "regardless of whether the district court decided the case on that basis." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

We construe *pro* se pleadings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); however, *pro se* litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted). We consider forfeited an issue that was not raised in the district court and is raised for the first time on appeal in a civil case, and we will not address its merits absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004); *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *petition for cert. denied*, 143 S. Ct. 95 (2022). Further, an appellant abandons an issue if she fails to raise it prominently in an opening appellate brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014).

Summary judgment is appropriate if the pleadings and evidence of record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the evidentiary record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party meets its

initial burden, the nonmovant must then show that a genuine dispute exists regarding any issue for which she will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553. The nonmovant can withstand a summary judgment motion by establishing that "based on the evidence in the record, there can be more than one reasonable conclusion as to the proper verdict." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

## II.

The FMLA creates two types of claims -- interference claims and retaliation claims. 29 U.S.C. § 2615(a)(1)–(2); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000). To establish a *prima facie* FMLA interference claim, an employee must show, *inter alia*, that she was entitled to a benefit under the FMLA that was denied. *See* 29 U.S.C. § 2615(a)(1); *Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006). A plaintiff is not denied a benefit under the FMLA when she receives all the leave she requests, however. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1275 (11th Cir. 1999). Moreover, where an employer did not deny leave time, the plaintiff cannot establish an FMLA interference claim, even when the employer terminated her and prevented her from the continued use of such leave. *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1275 (11th Cir. 2020).

To establish an FMLA retaliation claim, an employee must show her employer intentionally discriminated against her for exercising a right guaranteed under the FMLA. *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207

(11th Cir. 2001).  Unlike an interference claim, an employee bringing a retaliation claim faces the increased burden of showing her employer's actions "were motivated by an impermissible retaliatory or discriminatory animus." *Id.* (citation omitted).

The ADA provides that no employer shall discriminate against a qualified individual on the basis of disability in discharging its employees. 42 U.S.C. § 12112(a).  Discrimination under the ADA includes the failure to make a reasonable accommodation to the known physical or mental limitations of the individual. *Id.* § 12112(b)(5)(A).  To support a claim of discrimination under the ADA, a plaintiff must show, among other things, that she is a disabled person. *Holly v. Clairson Indus., LLC*, 492 F.3d 1255-56 (11th Cir. 2007).

An employer's failure to reasonably accommodate a disabled individual is itself discrimination. *Id.* at 1262.  However, to "trigger an employer's duty to provide a reasonable accommodation, the employee must (1) make a specific demand for an accommodation and (2) demonstrate that such accommodation is reasonable." *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022) (applying ADA principles in Rehabilitation Act case).

The ADA also provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . ."  42 U.S.C. § 12203(a).  Because this provision creates a prohibition on retaliation under the ADA that is similar to the prohibition on retaliation

found in Title VII, courts should evaluate ADA retaliation claims under the same framework used for Title VII retaliation claims. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). To support a claim for retaliation under the ADA, a plaintiff must show that (1) she engaged in statutorily protected conduct, (2) she suffered an adverse action, and (3) there was a causal link between the adverse action and her protected conduct. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260–61 (11th Cir. 2001) (summary judgment case).

The FCRA forbids employers from "discriminat[ing] against any individual ... because of such individual's . . . handicap . . . ." Fla. Stat. § 760.10(1)(a). The FCRA also prohibits employers from discriminating against any person because that person has opposed any practice which is an unlawful employment practice under the law. Fla. Stat. § 760.10(7).

## III.

The record in this case demonstrates that the district court did not err in granting the Moffitt Cancer Center's properly supported motion for summary judgment. After the Moffitt Cancer Center moved for summary judgment, Norman had an opportunity to provide evidence supporting her claims or to argue why the evidence in the record supported her claims. She failed to do so; rather, she filed a short *pro se* response, accompanied by copies of two letters she had written, neither of which provided evidence to defeat the motion for summary judgment. One letter requested notification of her deposition transcript, and one letter requested

information from her former counsel regarding her inquiries with social security and the Internal Revenue Service. The district court warned her that if she did not properly respond to the motion it could deem the motion unopposed. Because Norman failed to respond to the motion, she has failed to preserve for appeal any arguments in opposition to the grant of summary judgment.

Additionally, we conclude that, even if she had preserved arguments for appeal, she fails to challenge on appeal several of the district court's findings supporting summary judgment. Thus, she has abandoned those points. Accordingly, based on the aforementioned reasons, we affirm the district court's order granting summary judgment to the Moffitt Cancer Center on Norman's claims.

**AFFIRMED.**